## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. JAMES PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-12-555-M |
| | ) | |
| 1. THE ALLSTATE CORPORATION, and | ) | |
| | ) | |
| 2. ALLSTATE INSURANCE COMPANY. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

In support of the filing of this lawsuit, plaintiff states as follows:

1.    Plaintiff brings this lawsuit in an effort to help protect Oklahoma and U.S. citizens from mistreatment by property and casualty insurers with respect to first party property damage claims and to enforce his own rights under Oklahoma law to recover benefits due according to his insurance policy with the Defendants.

### Parties

2.    Plaintiff James Phillips is an individual who resides in the City of Yukon, in the State of Oklahoma.

3.    Defendant The Allstate Corporation and Defendant Allstate Insurance Company are foreign for-profit-insurance corporations formed and incorporated in the State of Delaware with their principal place of business located in the State of Illinois (the two defendants are collectively referred to herein as "Allstate").

1

4.     Defendant Allstate Insurance Company is a wholly owned subsidiary of The Allstate Corporation.

5.     All the acts of Defendant Allstate Insurance Company are in fact the acts of its parent corporation The Allstate Corporation, and both entitles are jointly and severally liable for the actions of each other with regard to the acts complained of herein.

6.     Defendant Allstate is licensed to conduct business in the state of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

7.     This action is not related to any other case filed in this court.

## Jurisdiction

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## Facts

9.     At all times material hereto Plaintiff James Phillips owned property located at 10117 Dover Dr., in Yukon, Oklahoma, 73099, which was insured pursuant to the terms and conditions of an insurance policy issued by Defendant Allstate, i.e., Policy Number 000031954353 (herein the "Policy").

10.     On or about May 16, 2010, a wind and hail storm caused damage to Plaintiff's property located at 10117 Dover Drive, Yukon, Oklahoma 73099 (herein the "Property").

11.     The roof of the Property was damaged by hail and wind.  Plaintiff filed a

claim pursuant to the Policy, i.e., Claim No. 0198783268 (herein the "Claim").

    12.    At all times material hereto, plaintiff complied with the terms and conditions of the Policy issued by Defendant Allstate.

<b>Count I Breach of Contract</b>

    13.    Plaintiff met all conditions precedent to the application and enforcement of said insurance Policy, yet Defendants unreasonably breached the terms and conditions of the Policy by refusing to pay Plaintiff the amount due for damage caused by the aforementioned storm.    Defendants also breached the parties' contract by engaging in other acts during its handling of Plaintiff's claim that were contrary to the Policy, such as refusing to perform a reasonable investigation and evaluation of the damage to Plaintiff's Property.

    14.    Defendant Allstate waived any contractual rights it may have, including but not limited to appraisal, arbitration, and any one-year limit within which to bring suit, due to its delay, unfair actions, breach of the underlying contract, and wrongful denial of Plaintiff's claim.    Additionally, Allstate's breach of the underlying contract relieves Plaintiff of any corresponding obligations, including but not limited to appraisal, arbitration, or duty to bring his lawsuit within a certain time period different than what Oklahoma statutory and common law allows.

<b>Count II Bad Faith</b>

    15.    Defendant Allstate and its agents and/or its employees were unreasonable in their investigation, evaluation and payment of policy benefits that are due and owing to

3

plaintiff.

16.     Defendant Allstate breached its duty of good faith and fair dealing by engaging in an unreasonable investigation and evaluation, which included, *inter alia*, Defendant's refusal to communicate with Plaintiff in any good faith manner, a reckless misevaluation of the scope of repairs to the Property, and a malicious refusal to include an amount for general contractor overhead and profit.

17.     The unreasonable conduct of Defendant Allstate in the handling of Plaintiff's claim was willful and wanton or committed with such a reckless disregard to the rights of Plaintiff that punitive damages are warranted.

18.     Plaintiff hereby requests that the matters set forth herein be determined by a jury.

### Specific Ways in Which ALLSTATE Breached the Insurance Policy and Breached the Duty of Good Faith & Fair Dealing

19.     It is believed that Allstate has engaged in a scheme to deprive homeowner policy holders in Oklahoma of the contractual benefit of general contractor's overhead and profit. That is, when three (3) or more trades is required pursuant to a scope of repair, it is industry practice for that scope of repair to include a line item for general contractor's overhead and profit. That line item is calculated by multiplying the total of subcontractor estimates by 20% (10 for overhead and 10 for profit). Allstate has engaged in a pattern of behavior to avoid paying homeowner policy holders that contractual benefit, by not advising its insureds of the potential for such line item,

4

systematically ignoring facts to avoid the issue, and improper training of its adjusters of the manner and standards by which general contractor's overhead and profit should be included/excluded within any scope of loss.

20.     Allstate's scheme to avoid the issue of general contractor's overhead and profit lead to a wrongful denial of payment for it to plaintiff.

21.     Allstate has profited by its scheme to avoid paying general contractor's overhead and profit on homeowners' claims involving three (3) or more trades and/or claims which require labor and/or knowledge to contact, contract and coordinate with more than one tradesman. By denying payment of general contractor's overhead and profit Allstate imposes upon the insured labor that is required by appropriate scope of repairs, and therefore, Allstate unjustly enriches itself by imposing such labor onto its insured without any compensation for it.

22.     Allstate did not include an amount for general contractor overhead and profit in its adjustment for plaintiff's Claim even though its scope of repair required seven (7) trades and much time to contact, contract, and coordinate the various subcontractors to perform the repairs needed to put plaintiff into the position he was prior to the storm.

23.     Plaintiff asked Allstate to inform him about and supply reasons for its failure to include an amount for general contractor overhead and profit as part of his Claim. Allstate failed to ever respond to plaintiff's inquiry, which is a breach of the duty of fair dealing and good faith as well as the Unfair Claims Settlement Practices Act.

5

24.     Moreover, Allstate violated the duty of good faith and fair dealing, as well as breached the Policy, by making a payment to Plaintiff relative to the Claim for an amount less than what was owed as determined by industry accepted adjustment standards by excluding general contractor overhead and profit.  Allstate also committed bad faith by making a payment for an amount less than what a reasonable investigation would have dictated was owed to Plaintiff.

25.     Another specific manner in which Allstate violated the duty of good faith & fair dealing concerns its refusal to communicate with Plaintiff about the Claim such that a reasonable scope of repair could be agreed to by the parties hereto.  It is an insurance industry standard that an insurer communicate and share information with its insured such that a level of cooperation and information exchange is had that will enable the parties to work cooperatively towards a reasonable evaluation of damage caused by a covered loss and therefore resolution of a claim without the need for attorneys, judges, and jurors.  Allstate breached this standard.  For example, plaintiff requested of Allstate an explanation about general contractor overhead and profit, however, his request was completely ignored for over six (6) months.  No resolution of an insurance claim can be accomplished when the insurer refuses to address a specific line item of damages that ought to have been included within the scope of loss.

27.     As a result of Allstate's breach of the insurance policy and its breach of its duty of good faith and fair dealing, plaintiff has incurred financial and distress damages over and above the amount he should have been paid on the Claim.

6

## Prayer

28.     Wherefore, having properly plead, Plaintiff James Phillips hereby seeks judgment in his favor and against the two Defendants, jointly and severally, in an amount in excess of $75,000.00, for actual and punitive damages, costs, interest, attorney fees, and any other relief that the Court may during this lawsuit find appropriate.


Respectfully submitted,


S/Timothy B. Hummel
Timothy B. Hummel, OBA # 16511
500 West Main Street, Suite 204
Oklahoma City, Oklahoma 73102
(405) 319-0300 telephone
(405) 319-0350 facsimile
tim@hummellawoffice.com
Attorney for Plaintiff

Attorney Lien claimed

7